SMITH *v.* STATE.

Opinion delivered January 29, 1917.

1.  LARCENY—STEALING TIMBER—VARIANCE.—In a prosecution for stealing timber the jury's verdict read: "We, the jury, find the defendant guilty of grand larceny (stealing timber) as charged in the indictment * * *." *Held,* there was no variance between the indictment and verdict.

2.  LARCENY—STEALING TIMBER—INTENT.—Under Kirby's Digest, § 1902, it is not necessary to show that the trespasser appropriated the timber alleged to be stolen to his own use; it is sufficient if the proof show that he entered upon the land, without lawful authority, and wilfully and knowingly cut down or destroyed standing or growing trees of the value of more than ten dollars.

Appeal from Mississippi Circuit Court, Osceola District; *R. H. Dudley*, Special Judge; affirmed.

*D. F. Taylor*, for appellant.

1. The indictment is at variance with the verdict. Appellant was indicted for cutting timber under Kirby's Digest, § 1902, but was tried for and convicted of *grand larceny.* 25 Ark. 184; 10 *Id.* 618; 34 *Id.* 433; 24 L. R. A. (N. S.), 1244; 107 L. R. A. 298; 12 Cyc. 767.

2. There is no evidence to support the verdict and the court erred in its instructions.

*John D. Arbuckle*, Attorney General, and *T. W. Campbell*, Assistant, for appellee.

1. There is no variance between the verdict and the indictment. The verdict is a general one and responsive to the issues. 12 Cyc. 689, 690e.; 141 Ind. 357; 28 A. & E. Enc. Law 404; 1 Tex. App. 327; 4 Tex. 38; 48 Cal. 557; 47 Mo. 295. But if defective, no objection to the form of the verdict was made in the trial court. 55 Ark. 342; 56 *Id.* 444; 79 *Id.* 293; 50 Ill. 199; 14 Cal. 170.

2. The evidence is sufficient to prove the crime as charged. Kirby's Digest, § 1902. Defendant admitted taking the timber as charged in the indictment.

3. No objection was made to instruction No. 11. If erroneous it was too favorable to defendant. It is too late to object here for the first time. 103 Ark. 505.

4. No. 2 was properly refused. There is no prejudicial error.

SMITH, J. Appellant has prosecuted this appeal to secure a reversal of a judgment sentencing him to a term of one year in the penitentiary upon a conviction for stealing timber.

(1) It is insisted that there is a variance between the indictment and the verdict. The prosecution was had for a violation of section 1902 of Kirby's Digest, and the verdict of the jury was in the following language:

"We, the jury, find the defendant guilty of grand larceny (stealing timber) as charged in the indictment,

and fix his punishment at imprisonment in the State Penitentiary at one year."

There is said to be a variance in that the verdict finds the defendant guilty of *grand larceny*. Such is the verdict. But it also recited, parenthetically, that the larceny was stealing timber *as charged in the indictment.* We think that it cannot, by any possibility, be said that appellant had been found guilty of a crime not charged in the indictment.

It is said the evidence does not support the verdict in that it fails to show that appellant stole the "10 ash trees" he is charged in the indictment with having cut and removed, or that he converted said trees to his own use; and that error was committed in giving, over appellant's objection, an instruction numbered 11, which reads as follows:

"11. On a charge of larceny, such as contained in this indictment, the material allegations are, that in this district of this county, and within three years prior to the 18th day of October, 1916, the date of the indictment, that the defendant stole the timber in question, and converted it to his own use, intending thereby to convert same to his own use; and that the value of said timber exceeded in value the sum of ten dollars."

It is argued that as there was much testimony tending to show that appellant and others had from time to time stolen timber from the land described in the indictment the jury might have found him guilty of stealing timber other than that charged in the indictment.

(2) To sustain a conviction under section 1902 of Kirby's Digest, it is not essential that the proof show that the timber was appropriated to the use of the trespasser. It is sufficient if the proof show that he entered upon the land, without lawful authority, and wilfully and knowingly cut down or destroyed standing or growing trees, of the value of more than ten dollars. The instruction set out was more favorable to appellant than he was entitled to ask in that it permitted the jury to find him guilty only if he "stole the timber in ques-

tion, and converted it to his own use, intending thereby to convert same to his own use."

There was no failure of proof here, for, to the question, "You tell the jury that you did take timber from the lands as charged in this indictment?" appellant answered, "Yes, sir." Inasmuch as appellant admitted cutting the timber charged in the indictment, as well as other timber at another time, no prejudice could have resulted from the admission of the evidence, if it was otherwise incompetent.

About the only real question of fact in the case was that of appellant's authority to cut the timber. Appellant says he was authorized so to do by one Wilmoth, who represented himself as the agent of the owner of the land. This Wilmoth denies. Appellant testified that Wilmoth said, "Go ahead and cut it, and if we get into it, we can pay a small stumpage."

The jury might have found appellant guilty on this statement if they understood therefrom that Wilmoth was, with appellant's knowledge, exceeding his authority and was giving a permission to cut timber for which no compensation should be charged, unless the crime of cutting it was discovered, in which event only a small compensation should be paid. A finding by the jury that this was the understanding would not have excused appellant, but would have made Wilmoth himself guilty under that portion of section 1902 which provides that "Any person who shall induce, assist, aid, or abet any other person so to do (that is, without lawful authority, to knowingly and wilfully enter upon the lands of another, and cut down or destroy timber, of a value exceeding ten dollars,) shall be deemed guilty of a felony."

We find no prejudicial error, and the judgment is affirmed.